UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAMON KELLY,

        Petitioner,

        v.                                     22-CV-941-LJV
                                                    DECISION & ORDER

DEPARTMENT OF HOMELAND
SECURITY,

        Respondent.
_____

On December 5, 2022, the *pro se* petitioner, Ramon Kelly, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1]  Docket Item 1.  He says that he is "being illegally detain[ed] without [his] consent" at the Buffalo Federal Detention Facility ("BFDF") in the midst of the "COVID[-]19 epidemic."  *See id.* at 5, 8.  He also claims that the BFDF has "inhumane living standards" and a "poor quality health service."  *Id.* at 7, 10.

On January 13, 2023, the government moved to dismiss the petition.  Docket Item 4.  After Kelly did not respond to the motion to dismiss, this Court ordered him to

---

[1] Although Kelly filled out the form for a petition under 28 U.S.C. § 2254, Docket Item 1, he is not challenging his confinement in "custody pursuant to the judgment of a State court."  *See* 28 U.S.C. § 2254(a).  Instead, all of Kelly's claims relate to his confinement in federal custody at the BFDF.  This Court therefore treats Kelly's petition as one under 28 U.S.C. § 2241 instead of 28 U.S.C. § 2254.  *See Jones v. Wolf*, 467 F. Supp. 3d 74 (W.D.N.Y. 2020) (evaluating claims challenging conditions at the BFDF under section 2241).  And while the Second Circuit has suggested that a court must in some circumstances give a petitioner the opportunity to withdraw a claim recharacterized as a petition brought under section 2241, it specifically distinguished "petitions brought by [immigration] detainees."  *See Simon v. United States*, 359 F.3d 139, 143-44 (2d Cir. 2004).  This Court therefore deems Kelly's petition to have been brought under section 2241.

show cause why the Court should not decide the motion based only on the current submissions.  Docket Item 6.  Kelly did not respond to that order.

For the reasons that follow, the petition is dismissed.

## FACTUAL BACKGROUND

At some point, Kelly pleaded guilty to second-degree burglary.  Docket Item 1 at 1.  He currently is detained at the BFDF, although he does not say whether he is detained pending the resolution of his removal proceedings or is subject to a final order of removal.  *See id.*  He claims that he is "being illegally detain[ed] without [his] consent" and that he is "living in a facility that has a[n] inhumane environment."  *Id.* at 5, 7.

Kelly also maintains that his detention is unlawful because "there is a COVID[-]19 epidemic."  *Id.* at 8.  He says that the BFDF has a "poor quality health service" and that he "need[s] to be released to [his] community so [that he] can see [his] family doctor."  *Id.* at 10.  Kelly is "170 pound[s] and [has] high blood pressure."  *Id.*

## LEGAL PRINCIPLES

"A court reviews a motion to dismiss a habeas petition according to the same principles as a motion to dismiss a civil complaint under Federal Rule[] of Civil Procedure . . . 12(b)(6)."  *Hines v. United States*, 2023 WL 2346540, at *2 (D. Conn. Mar. 3, 2023).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

2

liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[A]lthough 'a court must accept as true all of the allegations contained in a complaint,' that tenet 'is inapplicable to legal conclusions,' and 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (internal quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678).

## **DISCUSSION**

As an initial matter, Kelly is not entitled to habeas relief on the grounds that he is "being illegally detain[ed] without [his] consent." Docket Item 1 at 5. As the government notes, the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1101-1537, provides for either the discretionary or the mandatory detention of noncitizens who are in removal proceedings or who are subject to a final order of removal. *See* 8 U.S.C. § 1226(a), (c); *id.* § 1231.[2] None of those provisions require that a noncitizen consent to his or her confinement. So Kelly may not seek habeas relief on the grounds that he did not consent to his detention.[3]

---

[2] "Broadly speaking, section 1226 governs the detention of immigrants who are not immediately deportable." *Hechavarria v. Sessions*, 891 F.3d 49, 57 (2d Cir. 2018). Although Kelly does not say under which statute he is detained, it appears that he is detained under section 1226(c) because of his prior conviction. *See Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020).

[3] This Court has granted habeas relief for noncitizens whose detention has become exceedingly prolonged on the grounds that such prolonged detention violates the Due Process Clause. *See, e.g.*, *Davis v. Garland*, 2023 WL 1793575, at *5-9

Kelly also challenges the conditions of his confinement at the BFDF. *See id.* at 7-10. More specifically, he says that he is being held in "a facility that has a[n] inhumane environment"; that his detention is unlawful because of the "COVID[-]19 epidemic"; and that he "need[s] to be released to [his] community so [he] can see [his] family doctor." *Id.* None of those allegations offer a plausible basis for habeas relief.

In *Jones*, this Court found that holding vulnerable individuals at the BFDF during the early throes of the COVID-19 pandemic violated their substantive due process rights. *See Jones*, 467 F. Supp. 3d at 80. That is, this Court concluded that the petitioners in that case who met the Centers for Disease Control and Prevention's vulnerability criteria had raised a viable claim that the government's failure to adequately safeguard them from COVID-19 amounted to deliberate indifference to their serious medical needs and to unsafe conditions at the BFDF. *See id.* at 93. Since then, other courts have evaluated claims by detainees challenging the conditions of their confinement during the COVID-19 pandemic under that framework. *See, e.g.*, *Ruddock v. Wolf*, 2020 WL 5988070, at *3-4 (W.D.N.Y. Oct. 9, 2020).

Kelly says that he has high blood pressure, so this Court assumes that he is a vulnerable petitioner as defined by *Jones*. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 10, 2023) ("Having heart conditions such as heart failure, coronary artery disease, cardiomyopathies, and possibly high blood pressure (hypertension) can make you more

---

(W.D.N.Y. Feb. 7, 2023). But Kelly does not say anything about the length of his detention, so he is not entitled to habeas relief on that basis.

likely to get very sick from COVID-19."). But Kelly has not pleaded any non-conclusory allegations showing that the government is acting with deliberate indifference to his serious medical needs. *See Jones*, 467 F. Supp. 3d at 85 ("A detainee asserting a Due Process claim for deliberate indifference to his medical needs can allege either that the defendants knew that failing to provide the complained of medical treatment would pose a substantial risk to his health or that the defendants should have known that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." (alterations omitted)). Kelly says only that the BFDF is an "inhumane environment" and has a "poor quality health service"; he does not allege what medical treatment he has been denied there or how the government knew or should have known that denying treatment posed a substantial risk to his health. Moreover, Kelly does not say anything about the COVID-19 response at the BFDF to suggest that the government's response is inadequate.

What is more, this Court recently vacated its orders in *Jones* after concluding that the due process rights of vulnerable detainees at the BFDF were "no longer at risk and that this Court's intervention [was] no longer needed." *See Jules v. Mayorkas*, 2023 WL 2457071, at *5 (W.D.N.Y. Mar. 10, 2023). Kelly offers no basis to revisit that conclusion now, and he therefore has not alleged a viable claim to habeas relief based on the conditions at the BFDF.

Ordinarily, this Court would give a *pro se* petitioner the opportunity to amend his petition before dismissal. Kelly, however, failed to respond to the motion to dismiss, *see* Docket Item 2 (order setting briefing schedule), and he also failed to respond to this Court's order requiring him to show cause why this Court should not decide the motion

5

to dismiss based only on the current submissions, Docket Item 6.  Because Kelly has not responded to the motion to dismiss, given any reason why amendment would cure the deficiencies in his petition, or otherwise participated in this case after filing his petition, his petition is dismissed without leave to amend.

## **CONCLUSION**

For the reasons stated above, the government's motion to dismiss, Docket Item 4, is GRANTED.  The Clerk of the Court shall close the case.

SO ORDERED.

Dated:  April 7, 2023
Buffalo, New York

    */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE